IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK MARTINEZ,

    Petitioner,                        No. 2:12-cv-2273 WBS DAD P

    vs.

DIRECTOR OF CDCR,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a stay and abeyance. Respondent has filed an opposition to the motion, and petitioner has filed a reply.

**BACKGROUND**

        On September 4, 2012, petitioner commenced this action by filing a petition for writ of habeas corpus, together with a motion for a stay and abeyance. In his petition, petitioner challenges a judgment of conviction entered against him in 2007 by the Shasta County Superior Court for first-degree murder. (Pet. at 2.) In his motion for a stay and abeyance, petitioner contends that this court should stay this habeas action because he has two unresolved issues pending in state court. Specifically, at the time petitioner filed his motion for stay and abeyance,

1

he was exhausting a claim regarding a restitution order imposed against him and was in the process of filing a motion in the Shasta County Superior Court seeking DNA testing of evidence from his underlying criminal proceedings. (Petn'r's Mot. for Sty. & Abeyance (Doc. No. 4) at 10.) Since filing his motion for a stay and abeyance, petitioner has informed this court that the California Supreme Court denied his petition for writ of habeas corpus in which his challenge to his restitution order was presented. (Am. Pet. at 1.) Petitioner has also since filed an amended habeas petition with this court which includes his restitution claim. (Id.)

## DISCUSSION

The sole issue before this court is whether petitioner is entitled to a stay and abeyance to pursue his motion for DNA testing of evidence in the Shasta County Superior Court. According to petitioner, the superior court has appointed counsel for him, and his counsel has at least prepared the motion to file in that court on his behalf. Petitioner contends that two questions remain on the superior court docket: (1) "Whether there is DNA evidence that supports exoneration?" and (2) "Whether that evidence can specifically show who's [sic] DNA that evidence contains." (Petn'r's Mot. for Sty. & Abeyance (Doc. No. 4) at 10.)

In opposition to the motion, counsel for respondent argues that petitioner has not established good cause for a stay. In particular, counsel contends that petitioner is not presenting an actual innocence claim. Rather, he is asking this court to stay his petition so that he can litigate a motion in state court for DNA testing of evidence. Even if the superior court grants petitioner's motion for DNA testing of evidence, respondent's counsel notes, there is no indication that such testing would prove that petitioner is actually innocent of the crime for which he was convicted. (Resp't's Opp'n to Petn'r's Mot. for Sty. & Abeyance (Doc. No. 23) at 6-10.)

A district court has discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing

the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief). However, the stay and abeyance procedure is "available only in limited circumstances." Rhines, 544 U.S. at 277.

In this case, the court finds that a stay and abeyance would not be appropriate. As respondent observes, petitioner does not seek a stay to exhaust a federal claim in state court. Rather, petitioner seeks a stay to litigate a motion in the Shasta County Superior Court seeking DNA testing of evidence from his underlying criminal proceedings. If the superior court grants petitioner's motion, the results of the DNA testing may or may not exonerate petitioner, and petitioner may or may not then have an actual innocence claim to exhaust in state court.[1] In any event, petitioner does not have a federal claim to exhaust in state court at this time. Any claim he believes he may have appears to be based solely on speculation. See Rhines, 544 U.S. at 277 (mixed petitions should not be stayed indefinitely or if the unexhausted claims are plainly meritless); see also Murray v. Hubbard, No. C-11-2943 EMC (Pr), 2012 WL 4059874 at *1-2 (N.D. Cal. Sept. 14, 2012) (denying motion for a stay and abeyance because, even assuming a freestanding actual innocence claim could support federal habeas relief, petitioner had not shown his actual innocence claim was not plainly meritless).

"[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544

/////

---

[1] The court observes that petitioner raised a claim in his petition for writ of habeas corpus before the Shasta County Superior Court related to the destruction of potentially exculpatory evidence. Petitioner claimed therein that in retesting certain items his DNA would not be found, thus exonerating him. In denying petitioner habeas relief on that claim, the superior court aptly explained that the "[a]bsence of petitioner's DNA on these items would not in and of itself prove his innocence, and, without more, the mere presence of an unidentified thirty party's DNA on any of these items would not necessarily raise a reasonable doubt of his guilt." (Pet. Ex. L at 165.)

U.S. at 278.  Under the circumstances of this case, the court will recommend allowing petitioner thirty days to file a second amended petition containing only his exhausted claims.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 4) be denied; and

2. Petitioner be directed to file a second amended petition containing only his exhausted claims within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mart2273.styd