IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MARTINEZ,<br><br>                    Petitioner,<br><br>          vs.<br><br>SCOTT FRAUENHEIM, Warden,<br>Pleasant Valley State Prison,<br><br>                    Respondent. | No. 2:12-cv-02273-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 80] |

This Court denied Derek Martinez, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on May 12, 2015. Docket Nos. 70, 71. Martinez timely filed a notice of appeal, Docket No. 72, and the Ninth Circuit Court of Appeals granted a certificate of appealability with respect to: 1) whether the prosecutor committed misconduct manipulating the witness; and 2) whether Martinez can demonstrate, in light of new evidence, that he is actually innocent of the offense, Docket No. 12 (Ninth Cir. Case No. 15-16082). On appeal, Martinez moved in September 2016 to supplement the record with DNA testing and reporting that resulted from state court litigation conducted from prior to the filing of his federal Petition through 2016. Docket No. 30 (Ninth Cir. Case No. 15-16082). The Ninth Circuit denied the request without prejudice to counsel seeking a written indication from this Court that it would be inclined to consider the new evidence in the first instance in a Rule 60(b) motion, if the Court of Appeals issued a limited remand. Docket No. 33 (Ninth Cir. Case No. 15-16082).

Martinez then requested that the Ninth Circuit hold the appeal in abeyance to allow him to seek an indicative ruling in this Court and remand the matter for consideration of the Rule 60(b) motion. Docket No. 51 (Ninth Cir. Case No. 15-16082). The Ninth Circuit denied Martinez's

request for a limited remand without prejudice to filing a renewed motion in the event this Court

issued an indicative ruling in his favor, and stayed the appellate proceedings pending this Court's

decision on the indicative ruling motion.  Docket No. 53 (Ninth Cir. Case No. 12-16082).  Martinez

now moves in this Court pursuant to Federal Rule of Civil Procedure 62.1(a) for an indicative ruling

stating that the Court would: 1) grant Martinez's motion to vacate the May 12, 2015, Judgment if

the Court of Appeals remands for that purpose; or 2) that Martinez's motion to vacate raises a

substantial issue.  Docket No. 80.  Respondent opposes the motion as untimely and procedurally

improper.  Docket No. 83.

## I.  LEGAL STANDARDS

It is well-settled that the "filing of a notice of appeal divests the district court of jurisdiction."

*Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986).  When a Rule 60(b) motion is filed

in district court after the filing of a notice of appeal, the district court lacks jurisdiction to entertain

the motion.  *Katzir Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir.

2004).  "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask

the district court whether it wishes to entertain the motion, or to grant it, and then move [the court

of appeals], if appropriate, for remand of the case."  *Williams v. Woodford*, 384 F.3d 567, 586 (9th

Cir. 2004).

The procedure for doing so is set forth in Rule 62.1(a), which provides that:

> If a timely motion is made for relief that the court lacks authority to grant because
> of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that
> purpose or that the motion raises a substantial issue.

If the district court issues an indicative ruling that it would either grant the motion or that there is a substantial issue, the appellate court then decides whether to remand the case for a ruling by the district court. *Knight v. Trimble*, No. C 10-00276, 2013 WL 6140743, at *2 (N.D. Cal. Nov. 21, 2013). A statement that the motion raises a substantial issue does not bind the district court to a particular ruling after remand. *Id.*

## II. DISCUSSION

1.      Substantial Issue

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The rule provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>       (1) mistake, inadvertence, surprise, or excusable neglect;
>       (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>       (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>       (4) the judgment is void;
>       (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>       (6) any other reason that justifies relief.

The decision whether to grant relief under Rule 60(b) is a matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007).

In support of his motion for relief, Martinez relies on DNA evidence extracted from eight DOJ inquiries, which he contends has "affirmatively excluded [him] from the crime scene." Docket No. 80 at 5. Respondent does not challenge the validity of the new DNA evidence, but rather argues that Martinez's delay in requesting that the Court consider the evidence renders 60(b) inapplicable,

and the presentation of such claim is time-barred because it was not filed within one year of the judgment. *See* FED. R. CIV. P. 60(c)(1). Respondent is correct that motions based on newly-discovered evidence are governed by Rule 60(b)(2), and that such motions must be brought within one year of the judgment. FED. R. CIV. P. 60(c)(1). As Respondent acknowledges, however, Martinez's motion is brought under Rule 60(b)(6), which applies to motions based on "any other reason that justifies relief," and need only "be made within a reasonable time." *Id.* Although Respondent correctly points to many omissions or ways that Martinez could have sought earlier consideration of the evidence, in light of Martinez's *pro se* status before this Court, the Court finds that the circumstances presented here weigh in favor of finding that Martinez filed his motion within a reasonable time, as required by Rule 60(c)(1). Moreover, the Court concludes that, aided with the new DNA evidence, Martinez could plausibly present a meritorious claim of actual innocence. The Court therefore finds that he has presented a substantial issue under Rule 62.1(a) with respect to whether Martinez can demonstrate, in light of new evidence, that he is actually innocent of the offense.[1]

2.      Effect of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), on this Court's Consideration of New Evidence

Respondent additionally argues that reconsideration by this Court is improper because the new DNA evidence should be considered by the state court in the first instance. Docket No. 83 at 8; *see Pinholster*, 131 S. Ct. at 1398 (holding that "review under § 2254(d)(1) is limited to the record

---

[1]      Martinez alleges that the two certified claims on appeal "are inextricable in terms of both the underlying facts alleged outside the record on direct appeal and the resulting wrongful conviction in this case." Docket No. 80 at 4. The Court disagrees that Martinez's prosecutorial misconduct claim is independently bolstered by the new DNA evidence and will therefore only address whether the new evidence raises a substantial issue with respect to Martinez's actual innocence claim.

that was before the state court that adjudicated the claim on the merits"). Respondent therefore contends that the proper procedure is to limit the federal courts' consideration in this case to the then-existing record before the state courts and for Martinez to first seek relief based on the new evidence in state court. *Id.* If the state court rules against Martinez, he could then seek federal review of that decision by requesting pursuant to 28 U.S.C. § 2244(b) authorization from the Ninth Circuit Court of Appeals to file a second or successive habeas petition. *Id.* at 2, 9.

The Court agrees with Respondent that the state courts should consider the evidence in the first instance. However, the Court is also sensitive to the importance of preserving Martinez's federal claim. Accordingly, the Court has tentatively concluded that, if the Ninth Circuit issues a limited remand and the Court decides to vacate the judgment, it will then follow the procedure set forth by the Ninth Circuit in *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), and "stay and abey the habeas proceedings to allow [Martinez] to present to state court his [actual innocence] claim including the subsequently-[acquired evidence]." As the Ninth Circuit explained:

> This course provides the state court with the first opportunity to resolve this claim. It also protects [Martinez's] interest in obtaining federal review of his claim. . . . Once the state court has spoken on this claim, [Martinez] may, if necessary, return to district court and reactivate the federal proceedings."

*Id.*

### III. CONCLUSION

The Court finds that Martinez's motion raises a substantial issue and merits a substantive opposition by Respondent. If the Ninth Circuit issues a limited remand, the Court will consider the substantive merits of Martinez's motion for relief with respect to his actual innocence claim.

**IT IS THEREFORE ORDERED THAT** Martinez's request for an indicative ruling is **GRANTED**, as set forth above. Within fourteen (14) days of the date this Order is filed, Martinez

shall inform the Ninth Circuit Court of Appeals that this Court has found that his motion raises a substantial issue.  Upon remand, the Court will set a briefing schedule on the motion.

The Clerk of Court is directed to serve a copy of this Order on the Ninth Circuit Court of Appeals.

Dated: March 29, 2017.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

6