IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MARTINEZ,<br><br>    Petitioner,<br><br>  vs.<br><br>SCOTT FRAUENHEIM, Warden,<br>Pleasant Valley State Prison,<br><br>    Respondent. | No. 2:12-cv-02273-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 87] |

   This Court denied Derek Martinez, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on May 12, 2015. Docket Nos. 70, 71. Martinez timely filed a notice of appeal, Docket No. 72, and the Ninth Circuit Court of Appeals granted a certificate of appealability with respect to: 1) whether the prosecutor committed misconduct by manipulating the witness; and 2) whether Martinez can demonstrate, in light of new evidence, that he is actually innocent of the offense, Docket No. 12 (Ninth Cir. Case No. 15-16082). On appeal, Martinez moved in September 2016 to supplement the record with DNA testing and reporting that resulted from state court litigation conducted from prior to the filing of his federal Petition through 2016. Docket No. 30 (Ninth Cir. Case No. 15-16082). The Ninth Circuit denied the request without prejudice to counsel seeking a written indication from this Court that it would be inclined to consider the new evidence in the first instance in a Federal Rule of Civil Procedure Rule 60(b) motion to vacate the judgment, if the Court of Appeals issued a limited remand. Docket No. 33 (Ninth Cir. Case No. 15-16082).

   Martinez then requested that the Ninth Circuit hold the appeal in abeyance to allow him to seek an indicative ruling in this Court and remand the matter for consideration of the Rule 60(b)

motion. Docket No. 51 (Ninth Cir. Case No. 15-16082). The Ninth Circuit denied Martinez's request for a limited remand without prejudice to filing a renewed motion in the event this Court issued an indicative ruling in his favor, and stayed the appellate proceedings pending this Court's decision on the indicative ruling motion. Docket No. 53 (Ninth Cir. Case No. 15-16082). Martinez moved in this Court pursuant to Federal Rule of Civil Procedure 62.1(a) for an indicative ruling, and the Court granted the request after finding that Martinez's motion to vacate raises a substantial issue. Docket No. 85. In its Order, the Court indicated that it had "tentatively concluded that, if the Ninth Circuit issues a limited remand and the Court decides to vacate the judgment, it will then follow the procedure set forth by the Ninth Circuit in *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), and "stay and abey the habeas proceedings to allow [Martinez] to present to state court his [actual innocence] claim including the subsequently-[acquired evidence]." Docket No. 85. The Ninth Circuit then granted Martinez's motion for a limited remand to permit this Court to consider newly-discovered evidence in support of his claim for actual innocence. Docket No. 57 (Ninth Cir. Case No. 15-16082).

Martinez then filed in this Court a now-pending Motion to Vacate Judgment in which he argues that the new DNA evidence constitutes extraordinary circumstances that entitle him to relief from judgment in this case. Docket No. 87. Martinez requests that the Court consider the new DNA evidence as part of his actual innocence claim and relieve him from the judgment rendered in this case. *Id.* Respondent opposes the motion, arguing that it is not procedurally proper, untimely, and without merit. Docket No. 88. Respondent additionally notes in its opposition that the California Superior Court has now considered the new DNA evidence on state habeas review and has determined that "[t]he DNA results do not sufficiently contradict all the other evidence provided at

2

trial" and that Martinez failed to establish "that the DNA evidence would more likely than not have changed the outcome of the trial." Docket No. 88 at 43.

## APPLICABLE LAW

Rule 60(b) provides:

GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). A motion for relief based upon newly discovered evidence under Rule 60(b)(2) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," but a motion based upon "any other reason

that justifies relief," under Rule 60(b)(6) "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Likewise, a Rule 60(b) motion is subject to AEDPA's restrictions on second or successive petitions when the motion seeks to present newly discovered evidence, add a new claim for relief, attack the resolution of a claim on its merits, or vacate a judgment based on a subsequent change in the law. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). That bar does not apply, however, if the motion seeks only to address a defect in the integrity of the federal habeas proceedings. *Id.* at 532. "Put another way, a motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013).

## DISCUSSION

Respondent urges the Court to dismiss the Rule 60(b) motion as procedurally barred by the AEPDA's restrictions on second or successive habeas corpus petitions.[1] With respect to federal habeas petitions, a Rule 60(b) motion may not be used to "make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or

---

[1] Because the Court finds that the AEDPA's bar on second or successive petitions is dispositive in this case, the Court declines to address Respondent's other procedural arguments that the motion is untimely and barred by Martinez's undue delay.

4

successive habeas corpus petitions" set forth in 28 U.S.C. § 2244(b). *Jones*, 733 F.3d at 833 (quoting *Calderon v. Thompson*, 523 U.S. 538 (1998)) (internal quotation marks omitted). There is no "bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive [§ 2254] motion." *Id.* at 834 (quoting *Washington*, 653 F.3d at 1060). "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Id.* at 834 (citing *Gonzalez*, 545 U.S. at 532 n.5). Specifically, the Supreme Court has listed "a motion . . . seek[ing] leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied" as a type of "claim[]" that might be presented in a Rule 60(b) motion but would nonetheless be subject to the restrictions of § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). The Court explained:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).

*Id.*

Under this authority, the Court lacks jurisdiction to grant Martinez's motion to vacate, which is premised on new evidence in support of a claim that this Court already denied on the merits. Martinez nonetheless argues that his motion is reviewable by this Court because he has made a valid showing of actual innocence. Pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995), a claim of actual innocence serves as a "gateway" through which a habeas petitioner may have his

5

otherwise untimely or procedurally barred claims heard, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-36 (2013). Although AEDPA provides an actual innocence exception to the bar on claims raised in successive petitions, *see* 28 U.S.C. § 2244(b)(2)(B), this "gateway" is narrower than the one set forth in *Schlup*. *See id.* at 1933-34 (describing the actual innocence exception contained in § 2244(b)(2)(B) as more "constrained" than the miscarriage of justice exception set forth in *Schlup*); *Cooper v. Woodford*, 358 F.3d 1117, 1119 (9th Cir. 2004) ("The AEDPA requirements for a second of successive application are stricter than the *Schlup* standard in two ways . . . . There is no requirement under *Schlup* that the factual claim was not discoverable through the exercise of due diligence. Second . . . [,] *Schlup* requires only that an applicant show that it is 'more likely than not' that no reasonable fact-finder would have found him guilty.").

Furthermore, the Ninth Circuit has held that even if a petitioner can qualify for an exception to AEDPA's bar on successive petitions, such as the actual innocence exception, he must still seek permission from the Ninth Circuit before filing his petition in the district court. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court."). Review of the docket in this case does not establish that Martinez has either requested or received permission from the Ninth Circuit to file a successive petition. Accordingly, the motion to vacate must be denied without prejudice to its refiling as a second or successive habeas petition in the event Martinez obtains the necessary permission from the Ninth Circuit to file such action in this Court.

Despite the second or successive habeas petition bar, the Court nonetheless granted Martinez's motion for an indicative ruling because it previously determined that Martinez's

6

motion raised a substantial issue and warranted a substantive opposition by Respondent. Docket No. 85 at 5. In an abundance of caution and in light of the unusual procedural posture of the DNA testing in this case, the Court felt that it was prudent to develop the record on the federal trial court level and, if the interests of justice so required, stay the proceedings to allow Martinez to present the new evidence in support of his actual innocence claim to the state court, and, if necessary, refer the matter to the Ninth Circuit for authorization of a second or successive petition to enable this Court's full consideration of the new evidence and the state courts' subsequent adjudication of his newly-supported actual innocence claim.

After reviewing the entirety of the new evidence and the parties' briefing of that evidence, the Court determines that the interests of justice do not warrant an evidentiary hearing or further consideration of his actual innocence claim, and Martinez fails to show that he is entitled to relief under Rule 60(b) in any event. Importantly, the DNA results, which do not identify Martinez as a possible contributor, do not exclude the possibility that Martinez committed the crime either. Murder is not the type of crime for which DNA evidence under these circumstances might be exculpatory; it is certainly possible to commit murder or be an accessory to the commission of murder without leaving any discoverable DNA. *Cf. Watkins v. Miller*, 92 F. Supp. 2d 824 (S.D. Ind. 2000) (granting passage through *Schlup* where the petitioner presented DNA test results showing that he was not the source of the semen on the victim, which disproved State's theory that the petitioner alone raped and murdered the victim and discounted the State's post-conviction arguments that it was possible that the petitioner and another person raped the victim where "the trial record contains not a hint of a suggestion that two different people were responsible for [the] rape and murder").

7

Martinez nonetheless argues that, although the DNA evidence is neither inculpatory or exculpatory, the Court still must consider that no physical evidence has connected him to the murder. But this is not a case where the newly-discovered evidence cast overwhelming and substantial doubt on the only evidence against him. *Cf. Garcia v. Portuondo*, 334 F. Supp. 2d 446 (S.D.N.Y. 2004) (granting passage through *Schlup* where single eyewitness presented the only evidence against petitioner, and the petitioner's post-conviction evidence included proof, unheard by the jury, that petitioner had been incarcerated in the Dominican Republic until a few hours before the murder took place in the Bronx). In this case, Martinez's jury knew that there was no physical evidence directly inculpating Martinez at the crime scene. The jury heard his former wife's testimony that Martinez had confessed to her, and apparently believed it enough to convict Martinez. Although Martinez argues that the new DNA evidence inferentially supports his argument that his ex-wife's testimony was the product of prosecutorial misconduct and coercion by casting doubts on some aspects of her testimony, as this Court previously noted in its Order denying Martinez's Petition, his former wife's declaration is not a true recantation as she never denied that Martinez did in fact confess. Docket No. 70 at 30. The new DNA testing results thus fail to contradict the weight of the evidence against him.

The entirety of the evidence does not satisfy a showing of actual innocence even under the least burdensome Rule 60(b) standard. Further consideration of Martinez's actual innocence claim is not warranted, unless the Ninth Circuit Court of Appeals disagrees and authorizes Martinez to file a second or successive habeas petition in this Court.

8

## CONCLUSION

The Court finds that Martinez has failed to demonstrate an entitlement to relief under Rule 60(b) and is not entitled to relief from the judgment entered against him.

**IT IS THEREFORE ORDERED THAT** the Motion to Vacate Judgment at Docket No. 87 is **DENIED** without prejudice to Martinez obtaining authorization from the Ninth Circuit Court of Appeals to file a second or successive habeas petition raising the new DNA evidence in this Court.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: October 12, 2017.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge